509 P.2d 350

STATE of Utah, Plaintiff and Respondent,

v.

Edward BALDWIN and Richard Carlson, Defendants and Appellants.

No. 12569.

Supreme Court of Utah.

April 20, 1973.

---

D. Gilbert Athay, Salt Lake Legal Defender Assn., Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice.

The appellants, hereafter referred to as defendants, appeal from a conviction of the crime of burglary in the second degree and the sentences based thereon.

The only assignment of error is that the evidence given at trial was not sufficient to sustain the verdict.

A disinterested witness testified that he and his roommate observed two persons enter the building of the American Oil Company and that it appeared that the two persons were sneaking along the front of the building before they entered it. The time was approximately one o'clock in the morning.

A police officer who responded to a call from the dispatcher testified that he saw the two defendants walking into and out of the offices adjoining the main hall of the building. Another officer arrested the defendants as they left the building, and a subsequent search revealed a set of "lock pick tools" in the right-hand pocket of the jacket worn by Mr. Carlson.

The janitor testified that after cleaning the building, he locked all doors.

Testimony was given that some of the drawers in a desk had been rifled and articles removed and left in disarray.

The defendants testified that their automobile stalled near the building; that they were in search of a phone; and that finding the door to the American Oil Company building open, they proceeded to enter in order to use the phone. They each denied any intent to steal.

Burglary in the second degree consists of entering a building in the nighttime with intent to steal or to commit any felony. The intention of the defendants when they entered the building had to be inferred by the jury from the facts and circumstances given in evidence.

The jury was not compelled to accept the testimony of the defendants as being true. Apparently it did not, and we think the evidence was such as to justify the jury in believing that the defendants entered the building in the nighttime with the intention of stealing something therein. It is the intent to steal and not the actual

theft which is material. The larceny may not be completed due to a change of intention after entering, a failure to find a suitable object to steal, or because of detection. Where there is an actual stealing, the intention may be more readily apparent, but the failure to steal after entering with the intent is no defense to the crime of burglary.

The judgment of the trial court is affirmed.

CALLISTER, C. J., and CROCKETT, HENRIOD and TUCKETT, JJ., concur.